UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DUAN L. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-CV-01180 JMB |
| ) | |
| JASON ITKINS, et al. ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

Self-represented Plaintiff Duan L. Moore brings this action against the attorneys who previously represented him in a Risperdal lawsuit.[1] [ECF No. 1]. The matter is now before the Court upon the Motion of Plaintiff for Leave to Proceed in Forma Pauperis, or without prepayment of the required filing fees and costs. [ECF No. 3]. Having reviewed the Motion and the financial information submitted in support, the Court will deny Plaintiff's Motion to Proceed in Forma Pauperis, as it appears Plaintiff has failed to include income he has received from "other sources." Although the Court would normally require Plaintiff to pay the full filing fee in this matter after the denial of his Motion to Proceed in Forma Pauperis, Plaintiff has filed a second case in this Court repeating the same or similar allegations in this matter. Accordingly, the Court will dismiss this action, without prejudice due to his failure to provide truthful information on his Motion to Proceed in Forma Pauperis. Alternatively, Plaintiff's action is subject to dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff filed a second, and similar, lawsuit against the same defendants on January 27, 2026. *See Moore v. Kline,* et al., No. 4:26-CV-00107 HEA (E.D.Mo.). Plaintiff paid the $405 filing fee in that action, and he is responsible for service of process.

### The Complaint

Plaintiff Duan Moore filed the instant action on August 5, 2025, against attorneys Jason Itkins, Paul Crouch and Stephen Sheller. He claims that he engaged the law firm of Arnold & Itkins, made up of Jason Itkins and Kurt Arnold, on or about October 7, 2015, to represent him in a lawsuit concerning the medication Risperdal. Plaintiff asserts that because he took Risperdal as a child, he developed a condition known as gynecomastia, or enlarged breast tissue. Through Arnold & Itkins, Plaintiff joined mass tort litigation against Janssen Pharmaceuticals, Inc., Janssen Research and Development, LLC, and Johnson & Johnson, Co. He asserts that Arnold & Itkins shared responsibility in the case with other lawyers, including Thomas Kline and Christopher Gomez of the law firm of Kline & Specter, PC, as well as Stephen Sheller, of Sheller PC and Paul Crouch of The Crouch Firm, PLLC.

The gist of Plaintiff's Complaint is that defendants chose to settle his lawsuit without his permission in the Philadelphia Court system. *See generally* ECF No. 1. He claims that when he called Stanley Thompson, the Director of the Risperdal Program, Thompson provided him with "the correct case number, the lawyer's name, the Judge name, the settlement, and the Philadelphia Courts. . ." [ECF No. 1 at 5]. Plaintiff states that he was told by defendant Crouch that he had no say in negotiating the amount he would be charged for attorneys' fees, and Plaintiff appears to object to the large assessment for fees in the settlement agreement. Plaintiff asserts that if he "would have went to trial he would have got more [than] $500,000 plus pursuit of damages." [ECF No. 1 at 5].

Plaintiff has attached his engagement agreement with defendants and the separate settlement agreements for the Risperdal lawsuit to the docket in this action, as well as in *Moore v. Kline, et al.,* No. 4:26-CV-00107 HEA (E.D.Mo.), and the Court takes judicial notice of these agreements when deciding this action. Plaintiff's engagement agreement, entered on October 7,

2015, specifically contemplates a 45% contingency fee agreement should his claims be settled as "part of an aggregate settlement as a result of other cases that are filed." [ECF No. 4 at 1]. The engagement agreement also denotes how fees will be shared between associate counsel. *See id*. And the agreement grants Plaintiff's attorneys "power of attorney to execute all documents connected with the claim for the prosecution of which the Attorneys are retained" including settlement agreements. *Id.* at 2.

On July 22, 2024, Plaintiff was notified by Arnold & Itkins that there was a settlement offer which arose from an aggregate settlement process for injuries suffered by Plaintiff and others who were hurt by the drug Risperdal who had developed gynecomastia. [ECF No. 4 at 9]. Plaintiff was informed that he had a choice as to whether to participate in the settlement offer, the amount of which had been determined by Court-appointed Special Masters and approved by the 23rd District Court for Wharton County, Texas. *Id*. Plaintiff's gross settlement offer was $98,409.94, and he was required to electronically sign and notarize the documents provided to him within 14 days of receipt. *Id*.

In the paperwork provided, Plaintiff was informed how Johnson & Johnson decided to settle an aggregate number of claims, with the notation that Plaintiff's claim was designated in Group Eight. *See id.* at 10. The letter stated:

> That means that the settlement was negotiated on behalf of the entire group of 659 clients, and not on behalf of any one client individually. We chose to pursue an aggregate settlement because Defendants perceive greater value in resolving a large number of claims, rather than in resolving just one or a small number of cases. As a result, we believe that this aggregate settlement allowed us to secure greater compensation for all our clients, as well as more favorable settlement terms.

*Id.*

As an attachment to the letter, Plaintiff's net amount of the settlement was set forth, noting the percentage of the settlement that would be placed in a holdback fund, the percentage that would he held for attorneys' fees, the percentage that would be held for costs and expenses, and the fact

that some amount could be held back for medical liens. *See id*. 11-16. Plaintiff accepted the settlement offer on the same day it was provided to him – July 22, 2024. *Id*. at 19.

On October 9, 2024, Plaintiff received a Risperdal Settlement Disbursement Closing Statement from Archer Systems, a Settlement Administrator working on behalf of Arnold & Itkins. [ECF No. 8]. From Plaintiff's settlement proceeds of $98,409.94, he received $32,475.23 in a lump sum payment. This sum was his net proceeds after $54,125.46 was taken out in attorneys' fees and $19,150.23 was taken out in expenses. Additionally, there was a $2,500 medical lien taken out of the funds. *See id.*

Plaintiff was then notified in December of 2025 that holdback funds from the Global Settlement Agreement were also available to be distributed. His Gross Pro Rata Share of those funds was $36,661.61, less attorneys' fees, costs and expenses. *See Moore v. Kline,* et al., No. 4:26-CV-00107 HEA (E.D.Mo.), Ex 1-1 at 84-89. On December 19, 2025, Plaintiff approved the release of the remainder of those funds which amounted to $15,163.89. *See id*.

It appears Plaintiff also received a check from Arnold & Itkins for a pro rata share of the General Expenses Holdback Fund of the Risperdal Disbursement Closing Costs. However, it is unclear when this was released to Plaintiff. The amount appears to have been sent in the form of a check for $805.64 from Arnold & Itkins. *See Moore v. Kline, et al.,* No. 4:26-CV-00107 HEA (E.D.Mo.), Ex 1-1 at 119.

Totaling the aforementioned disbursements, it appears that Plaintiff received $48,444.76 in total from his claims against Johnson & Johnson. As Plaintiff clearly contracted with defendants to pay the attorneys' fees that were taken out of the settlement funds, and he also signed the settlement agreements attached to his pleadings, his only claim in this lawsuit appears to be that he is dissatisfied with defendants because he wanted to receive more money for his claims than he actually received. Unfortunately, this type of claim is not cognizable without a legal basis for the

claim and is subject to dismissal as written. Plaintiff entered a bargain, contracted for it and signed the settlement agreements. He cannot now attempt to sue after the fact simply because he is seeking more money for his Risperdal claim. His claim in this lawsuit is legally frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

### Plaintiff's Motion to Proceed in Forma Pauperis

As noted at the outset of the Court's Opinion, the Court feels compelled to address Plaintiff's Motion to Proceed in Forma Pauperis in this matter. [ECF No. 3]. Because Plaintiff has failed to disclose all sources of his income on his financial affidavit, which was filed on August 5, 2025, the Court will deny his Motion.

Plaintiff has attached evidence that in October of 2024, he received a lump sum payment of $32,475.23 from the Risperdal Settlement. He has also attached evidence that on or about December 19, 2025, he received a lump sum payment of $15,163.89 from the Risperdal Settlement. Plaintiff additionally filed *Moore v. Kline,* et al., No. 4:26-CV-00107 HEA (E.D.Mo.) in this Court on January 27, 2026, and he paid the full $405 filing fee on that date.

Despite the aforementioned, Plaintiff filed his Plaintiff's financial affidavit on August 5, 2025, he claims that his only source of income is gross wages of $1,343. He does not indicate where he is employed, nor does he state whether he receives this sum is per week, bi-weekly or monthly.[2] Plaintiff also fails to identify if he has "other sources of income," and he states that he has only $15.00 in his checking. Additionally, when Plaintiff received additional sources of income after the filing of his financial affidavit, he failed to update his affidavit with the Court.

---

[2] The Court note that Plaintiff attached to his Complaint a notification from the Social Security Administration dated November 6, 2024, indicating that Plaintiff would be receiving monthly benefits in an amount of $1,1330. It is unclear if Plaintiff's "employment" income is related to his Social Security income.

Plaintiff does not appear to have been truthful when filling out his financial affidavit, and for this reason, Plaintiff's claim is subject to dismissal, without prejudice. Alternatively, Plaintiff's action is subject to dismissal as frivolous as set forth above. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's pending Motion for Counsel will be denied as moot as will Mr. Ezra Williams' Motion to Intervene in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No. 3] is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice** due to Plaintiff's failure to fill out his financial affidavit in a truthful manner.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [ECF No. 2] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Mr. Ezra Williams' Motion to Intervene [ECF No. 6] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that an appeal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of February, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE